NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-903

COMMONWEALTH

vs.

ABERALDO DESOUSA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a bench trial in the District Court on a complaint charging larceny over $250, the defendant was convicted of the lesser included offense of larceny under $250. On appeal, he claims that the evidence was insufficient to establish the intent element of the crime. Because there was sufficient evidence from which a finder of fact could infer the requisite intent beyond a reasonable doubt, we affirm.

Background. The defendant rented a condominium unit from the victim but later defaulted on his payment obligations and eventually left the premises. The victim brought suit against the defendant and obtained a judgment for possession and was awarded approximately $6,000 for unpaid rent, which he was ultimately unable to collect. When the victim regained possession of the property, he found the apartment to be dirty

and damaged. In addition, he discovered that certain paintings and statues were missing. He attempted to contact the defendant about the missing items to no avail.

Thereafter, the defendant was charged with larceny over $250 based on the victim's allegation that he stole the artwork. At trial, the defendant testified in his own defense and stated that he met with the victim inside the condominium unit and there was an old curtain on the wall and an old painting with no value. The victim told the defendant that he could keep those items or throw them in the trash. The defendant further asserted that the victim's claim of theft was a sham and that he was accusing the defendant of taking the items in order to recover through a criminal restitution order what he was unable to recover through the civil case.

Discussion. On appeal, the defendant argues that the evidence was insufficient to prove the intent element of the crime. To prove larceny, the Commonwealth was required to show that the defendant took the personal property of another with the specific intent to deprive the other of the property permanently. See Commonwealth v. Liebenow, 470 Mass. 151, 156 (2014). In reviewing a claim for the sufficiency of the evidence, we ask whether, viewing the evidence in the light most favorable to the Commonwealth, a reasonable fact finder could conclude that the defendant was guilty beyond a reasonable

2

doubt.  See Commonwealth v. Barbosa, 477 Mass. 658, 666 (2017).  Evidence of an intent to steal may be inferred "from the actual commission of the felonious act . . . as well as 'from the circumstances attending the act.'"  Commonwealth v. Hill, 57 Mass. App. Ct. 240, 247 (2003), quoting Commonwealth v. Lauzier, 53 Mass. App. Ct. 626, 629 (2002).  Moreover, a trier of fact may assess the evidence in light of common sense, Commonwealth v. Gerhardt, 477 Mass. 775, 787 (2017), and presume that persons intend the natural and probable consequences of their actions.  See Commonwealth v. Brown, 477 Mass. 805, 816-817 (2017), cert. denied, 139 S. Ct. 54 (2018).

Here, viewed in the light most favorable to the Commonwealth, the evidence established that the victim's paintings and statues were in the unit when the defendant moved in, that the defendant eventually failed to pay rent and disappeared during the rental period without dropping off his key, and the victim subsequently found his art to be missing from the apartment.  Further, the defendant failed to return the victim's calls and the victim could not otherwise contact him.  From these facts, a reasonable fact finder could conclude beyond a reasonable doubt that the defendant knew the art belonged to the victim and took it with the intent to permanently deprive the victim of his property.

The defendant contends, however, that he adequately raised the defense of his "honest and reasonable belief" that he had permission to take the property and that the Commonwealth failed to satisfy its burden to prove beyond a reasonable doubt that his subjective belief was not honestly held.  See Liebenow, 470 Mass. at 161-162 (honest but mistaken belief that property is abandoned is affirmative defense to larceny).  This argument is unavailing.  The only evidence of the defendant's honest belief was his own testimony that the victim told him he could take the art.  The judge specifically discredited the defendant's testimony.  Therefore, the defendant's affirmative defense was effectively negated by the judge's credibility determination.

Although the defendant contends that the judge's findings concerning witness credibility were clearly erroneous, the "weight and credibility of the witnesses' testimony are solely for the fact finder and are not proper subjects for appeal." Commonwealth v. Lewis, 91 Mass. App. Ct. 651, 663 (2017).  The judge explained that he credited the victim's testimony in general and accounted for any discrepancies concerning the property and its value as natural, due to the passage of time. Given the discrepancy about the value of the artwork, the judge

4

found the defendant guilty of the lesser included offense of larceny under $250.  There was no error.

<u>Judgment affirmed</u>.

By the Court (Vuono, Singh & Englander, JJ.[1]),

Assistant Clerk

Entered: March 4, 2024.

---

[1] The panelists are listed in order of seniority.